IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rhonda Spraker, | ) | Civil Action No.: 6:11-3517-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| RTG Furniture Corp. of Georgia d/b/a | ) | |
| Rooms to Go Furniture, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Rhonda Spraker ("Plaintiff") filed this action against RTG Furniture Corp. of Georgia d/b/a Rooms to Go Furniture ("Defendant") alleging claims against her employer for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

On October 31, 2012, Defendant filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 31.) Plaintiff filed a response in opposition on December 3, 2012, with additional attachments filed on December 3 and 4, 2012 (ECF Nos. 35-41) and Defendant filed a reply on December 10, 2012. (ECF No. 43). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Jacquelyn D. Austin for consideration of pretrial matters. The Magistrate Judge has prepared a thorough Report and Recommendation which recommends that Defendant's Motion for Summary Judgment be granted. For the reasons set forth herein, this court adopts the Report and Recommendation to the extent consistent with this order and Defendant's Motion for Summary Judgment is GRANTED.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. Plaintiff filed this matter on December 27, 2011, alleging sexual discrimination and retaliatory treatment related to her employment at Rooms to Go Furniture. (ECF No. 1.) Plaintiff primarily complains of sexually inappropriate comments made to her, a postponement of her annual review and a subsequent limited raise and bonus, a change in her annual review date, and demotion from assistant store manager to sales associate following retaliatory treatment (in the form of increased work load and the imposition of challenging goals/objectives). On October 31, 2012, Defendant moved for summary judgment arguing that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. (ECF No. 31.) After consideration of the response filed in opposition to the Motion for Summary Judgment (ECF No. 35), several documents submitted in support of the opposition (ECF Nos. 35-41), Defendant's reply (ECF No. 43), and after conducting a hearing in this matter (ECF No. 53), the Magistrate Judge issued a Report and Recommendation recommending that Defendant's Motion for Summary Judgment be granted. (ECF No. 58.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within

fourteen days after being served a copy of the Report. 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Magistrate Judge made the following findings in this case: 1) Plaintiff's claims relating to employment actions that occurred before November 27, 2008 (postponing of the review and subsequent November 2008 raise) are time-barred as these claims occurred more than 300 days before Plaintiff filed her Equal Employment Opportunity Commission ("EEOC") charge on September 23, 2009 (ECF No. 58 at 11-13); 2) Defendant articulated a legitimate, non-discriminatory reason for Plaintiff's demotion, and Plaintiff has failed to establish that a genuine issue of material fact remains as to whether the articulated reason is pretext for unlawful discrimination (ECF No. 58 at 17); 3) with respect to the other alleged adverse employment actions, Plaintiff failed to create a genuine issue of material fact as to whether Defendant's proffered reasons for the actions were a pretext for unlawful discrimination (ECF No. 58 at 20-21); and 4) Defendant is entitled to summary judgment as to Plaintiff's retaliation claim because Plaintiff cannot establish a prima facie case of retaliation and cannot establish pretext following Defendant's articulated legitimate, nonretaliatory explanations for these employment actions (ECF No. 58 at 24-25).

Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation. (ECF No. 60.) In her objections, Plaintiff raises two primary issues for

the court's consideration in response to the Report and Recommendation: 1) did the Magistrate Judge err in determining that the postponement of Plaintiff's performance review Plaintiff in May 2008, the subsequent review and low raise, and a subsequent low bonus[1] were untimely at the filing of the EEOC charge of discrimination in light of the Lilly Ledbetter Fair Pay Act of 2009, an amendment to Title VII ("Ledbetter Act"); 2) did the Magistrate Judge err in granting summary judgment in particularly finding that Defendant articulated a legitimate, non-discriminatory reason for Plaintiff's demotion from her job duties, and that Plaintiff failed to establish that a genuine issue of material fact remains as to whether the articulated reason is pretext for unlawful discrimination.  Defendant filed a reply in response to Plaintiff's objections maintaining that the Magistrate Judge correctly concluded that Plaintiff's claims based on the postponement of her 2008 review and November 2008 raise are time-barred and cannot be saved by the Ledbetter Act as alleged and that the Magistrate Judge correctly found summary judgment to be appropriate on all claims.  (ECF No. 63.)  The court takes up Plaintiff's two outlined objections in turn.

    1.    **Timeliness of Plaintiff's claims concerning the postponing of Plaintiff's 2008 review and subsequent November 2008 "low raise" in light of the Ledbetter Act.**

In her objections, Plaintiff claims (apparently for the first time), that the Ledbetter Act precludes the Magistrate Judge's determination that Plaintiff's Title VII claims regarding the postponing of her review date and her receipt of a less substantial raise are time barred. Instead Plaintiff argues that the Ledbetter Act specifically made these claims timely as an

---

[1] Contrary to Plaintiff's assertion on page one of her objections (ECF No. 60 at 1), the Magistrate Judge did not find that Plaintiff's bonus, which followed her November 2008 review and was awarded in December 2008, was untimely.

unlawful employment practice. (ECF No. 60 at 6-8.) Plaintiff asks for this court to review these matters de novo, specifically addressing the temporal relationship between Plaintiff's complaints in September of 2007 and the failure to review Plaintiff in May 2008, whether Plaintiff was performing her job to Defendant's reasonable expectations, whether Plaintiff had an overall "satisfactory" performance evaluation, and whether Plaintiff was satisfactorily performing her job. (ECF No. 60 at 8.)

The Ledbetter Act provides that:

> an unlawful employment practice occurs, with respect to discrimination in compensation in violation of [Title VII], when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a *discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid,* resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e–5(e)(3)(A) (emphasis added). Under the Ledbetter Act, which retroactively applies to wage discrimination claims pending on or after May 28, 2007, a Title VII claim accrues with each paycheck issued pursuant to a discriminatory decision or other practice and is directed toward situations such as unequal pay for equal work. *See generally Kramer v. Board of Educ. of Baltimore Cnty.*, 788 F. Supp. 2d 421 (D. Md. 2011); *Noel v. The Boeing Co.*, 622 F.3d 266, 274 (3d Cir. 2010)(The Ledbetter Act covers claims that employees were paid differently for performing equal work, i.e., compensation decisions, and "not other discrete employment decisions"). The plain language of the statute applies to discriminatory compensation related to pay such as "wages, benefits, or other compensation" as opposed to other employment related decisions. 42 U.S.C.

§ 2000e–5(e)(3)(A); *Zambrano-Lamhaouhi v. New York City Bd. of Educ.*, 866 F. Supp. 2d 147, 167-68 (E.D.N.Y. 2011); *see also Schuler v. PricewaterhouseCoopers, LLP*, 595 F.3d 370, 374-75 (D.C. Cir. 2010) (holding the Ledbetter Act does not apply to promotion decisions, but rather to "paying different wages or providing different benefits to similarly situated employees").

The statutory provisions cited by Plaintiff do not appear to be applicable to save Plaintiff's clams regarding the decision to delay the annual review, however, arguably the award of a lower raise could invoke the Ledbetter Act. *See Maze v. Towers Watson America, LLC,* No. 11 C 8120, 2012 WL 568683, *4-5 (N.D.Ill. Feb. 21, 2012)("The [Ledbetter Act] does not apply to extend that deadline for any discriminatory employment decision that might affect pay, such as the reassignment of work, but rather applies to a decision by the employer to provide unequal pay for equal work.")  Here, however, the court need not decide whether Plaintiff's allegations concerning her postponed review and lower raise constitute a discriminatory compensation decision or other practice concerning wages, benefits, or other compensation paid within the contemplation of the Ledbetter Act.

Even assuming Plaintiff's claims are timely because of the operation of the Ledbetter Act, Plaintiff failed to establish a prima facie case of pay discrimination. As an initial matter, a review of Plaintiff's complaint reveals that Plaintiff's claims are not even in the nature of pay compensation discrimination claims nor suggest a case of disparate treatment in pay based on sexual discrimination. *See generally Tarmas v. Sec'y of the Navy*, 433 Fed. Appx. 754, 760 (11th Cir. 2011) (per curiam) (noting that the Ledbetter Act does not apply to failure to promote claims and that the plaintiff failed to raise the issue of

discrimination in pay in his complaint before the district court); *see also Noel,* 622 F.3d at 271-273(noting that the plaintiff did not plead or claim a nexus between his promotion claim and the resultant lower salary nor did he make any allegations of disparate compensation during the relevant time period, instead the plaintiff's factual allegations were focused on the defendant's allegedly discriminatory failure to promote him while advancing his co-workers). Instead, in her objections, Plaintiff belatedly cites the Ledbetter Act and assumes that it applies to her claims but cites no case law on the point nor does she make any further effort to explain how her particular claims involve pay, wages, benefits, or compensation such that they would fall with in the contemplated scope of the Ledbetter Act. Additionally, she does not make any allegations or present any evidence of salary inequities or that Defendant paid different wages to employees of opposite sexes for equal work.[2] Thus, the court finds that the Ledbetter Act does not rescue Plaintiff's claims identified as untimely by the Magistrate Judge and overrules Plaintiff's objection accordingly.

2. **Magistrate Judge's resolution of the material facts in controversy in accordance with applicable standards.**

Plaintiff also contends that the Magistrate Judge failed to properly apply the summary judgment standard as it applies to employment discrimination cases. (ECF No. 60 at 9-10.) Specifically, Plaintiff argues that the Magistrate Judge erroneously determined that Defendant articulated a legitimate, non-discriminatory reason for her demotion in overlooking that Plaintiff was given a satisfactory evaluation and further questions whether

---

[2]In her objections, in passing, Plaintiff mentions that Mert Kenyon, also in management, went from a salary of $59,000 a year to $75,000 a year, but she does not further allege or even demonstrate that she and Mr. Kenyon had the same position or were performing equal work.

a list of goals and objectives for Plaintiff were appropriate job functions and whether her failure to perform them constitutes a legitimate, non-discriminatory reason for her demotion. (ECF No. 60 at 11-12.) The Magistrate Judge correctly set forth the applicable standards and considerations in employment discrimination cases and applied them here. As noted by the Magistrate Judge, the key consideration concerns Plaintiff's ultimate burden to demonstrate that an employer's adverse employment action was motivated, at least in part, by discrimination. (ECF No. 58 at 16.)

Plaintiff's entire objection on this point is a discussion about a "Things for Rhonda to Work on List" which she rejects as any indication of non-performance on her part. (ECF No. 60 at 11.) Plaintiff questions some of the tasks given to her on that list, but without much more, she generally asserts that the evidence shows that many material facts remain in controversy regarding Defendant's assertions of legitimate, non-discriminatory reasons for its actions. (ECF No. 60 at 12.) Most critical to note in response to Plaintiff's allegations, Defendant presented more than just the list of objectives as a legitimate, non-discriminatory reason for her demotion, Defendant also presented material from her personnel file regarding her performance as well as testimony in this case. (ECF Nos. 37-2; 41-3.) In her objections, Plaintiff does not address these reasons or the lack of evidence in the record to support Plaintiff's ultimate burden of proving discrimination. Putting the list aside, Plaintiff ultimately fails to support her claims with any evidence showing that Plaintiff's reasons for demoting her were pretextual. Consequently, Defendant is entitled to summary judgment as a matter of law.

## CONCLUSION

The Court has carefully reviewed the objections made by Plaintiff and has

conducted the required de novo review. After considering the motion, the record, and the Report and Recommendation of the Magistrate Judge, this court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is adopted and incorporated herein by reference to the extent it is consistent with this order. Therefore, it is ORDERED that Defendant's Motion for Summary Judgment (ECF No. 31) is GRANTED and this action hereby DISMISSED.

      IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
July 19, 2013